IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| MONROE CROWNER HARROD  :  <br>     Petitioner | |
| : | |
| v. | Civil Action No..  WDQ-09-1326 |
| : | Criminal Action No. WDQ-01-150 |
| UNITED STATES OF AMERICA  <br>     Respondent  : | |

..oOo..

**MEMORANDUM**

On May 18, 2009, Monroe Crowner Harrod, proceeding pro se, filed a Motion to Correct his Presentence Report.  It will be construed as a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, and dismissed without prejudice.

**I. Background**

On February 7, 2002, the court sentenced Harrod to 240 months incarceration after he pleaded guilty to conspiracy to distribute and possess cocaine.  The Fourth Circuit dismissed his appeal.  On February 10, 2005, the court denied Harrod's § 2255 Motion.  On September 20, 2005, the Fourth Circuit denied a Certificate of Appealability.

Harrod is represented by the Federal Public Defender in connection with a separately filed 18 U.S.C. § 3582 Motion to Reduce Sentence based on Amendment 706 to the U.S. Sentencing Guidelines. Counsel has filed a status report, and a response from the government is pending.[1]

**II. Discussion**

Harrod claims that his criminal history was improperly calculated in his Presentence Report.  Regardless of the caption, a motion that challenges the validity of a sentence is properly

---

[1] To the extent claims might be raised here and in the § 3582 proceeding, they are dismissed without prejudice to review in the Motion to Reduce Sentence.

construed under 28 U.S.C. § 2255. *See e.g. Calderon v. Thompson*, 523 U.S. 538, 554 (1998).[2]

This is a second or successive § 2255 pleading and may be considered only if first certified by the Court of Appeals. *See* 28 U.S.C §§ 2244(b)(3)(A) & 2255. Absent evidence that Harrod has obtained authorization, the Motion must be dismissed for lack of jurisdiction. *See Evans v. Smith,* 220 F. 3d 306, 325 (4th Cir. 2000).[3]

### III. Conclusion

The court will dismiss the Motion without prejudice for lack of jurisdiction. A separate Order follows.

June 1, 2009                                                   /s/
Date                                                           William D. Quarles, Jr.
                                                                 United States District Judge

---

[2] The court is mindful that Harrod filed the Motion pro se, and has construed it liberally. The rules of criminal procedure, however, do not provide for a "Motion to Correct Pretrial Sentence Report" as contemplated by Harrod.

[3] Harrod's reliance on *United States v. Booker*, 543 U.S. 220 (2005) is misplaced. The rule of law announced in *Booker* is not retroactive to cases on collateral review. *See United States v. Morris*, 429 F. 3d 65, 71-72 (4th Cir. 2005).